CLERKS OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
JUL 12 2021
JULIA C. DUDLEY, CLERK
BY: s/ H. MCDONALD
DEPUTY CLERK

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| | ) | Case No. 4:15CR00001 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **JEROME CRAWLEY,** | ) | By: James P. Jones |
| | ) | United States District Judge |
| Defendant. | ) | |

*Michael Baudinet, Assistant United States Attorney, Roanoke, Virginia, for United States; Christine M. Lee, Assistant Federal Public Defender, Roanoke, Virginia, for Defendant.*

The defendant by counsel has moved pursuant to 28 U.S.C. § 2255 to vacate his conviction under 18 U.S.C. § 922(g). The defendant argues that his guilty plea was unknowing and involuntary in violation of the Sixth Amendment. Specifically, he contends that he pleaded guilty to § 922(g) while unaware that the government had to prove that he knew he was a felon to be convicted for that offense, as the Supreme Court later held in *Rehaif v. United States*, 139 S. Ct. 2191 (2019). The government has opposed the motion. For the reasons stated, the motion will be denied.

I.

Police organized a controlled purchase of cocaine from the defendant, Jerome Crawley, at his residence in Charlotte County, Virginia. They seized large quantities

of cocaine, marijuana, and two handguns during a search of the residence after the purchase. At that time Crawley was a convicted felon. Officers later learned that Crawley's cousin had left one of the firearms at the residence and told Crawley that it was located there.

The government charged Crawley in a five count indictment for possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C) (Counts One and Two), possession of a firearm after having been convicted of a felony in violation of 18 U.S.C. §§ 922(g)(1), 924(e) (Count Three), possession of a firearm during and in relation to a drug trafficking offense in violation of 18 U.S.C. § 924(c)(1)(A) (Count Four), and possession with intent to distribute marijuana in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C) (Count Five). Pursuant to a written plea agreement, Crawley pleaded guilty to the § 922(g)(1) charge in exchange for the government dismissing all other counts. He was sentenced to 120 months imprisonment, the statutory maximum for that offense.

Crawley has filed this motion under 28 U.S.C. § 2255 to vacate his conviction under § 922(g)(1) pursuant to the Supreme Court's decision in *Rehaif*. Section 922(g) prohibits persons in nine distinct categories from knowingly possessing firearms. When Crawley was convicted in 2015, the Fourth Circuit and other courts of appeals had uniformly held that a conviction under § 922(g)(1) did not require the government to prove the defendant *knew* he had been convicted of a crime

punishable by more than one year in prison. *See, e.g.*, *United States v. Langley*, 62 F.3d 602, 606 (4th Cir. 1995). Crawley has indicated that he was told this when he pleaded guilty.

Subsequently, in 2019 the Supreme Court held in *Rehaif* that to convict a defendant under § 922(g)(1), the government "must show that the defendant knew he possessed a firearm and also that he knew he had the relevant status when he possessed it." 139 S. Ct. at 2194. Crawley argues that his guilty plea must be vacated because he entered it without being informed that the government had to prove that he knew his status. In support, he cites the Fourth Circuit's decision in *United States v. Gary*, 954 F.3d 194, 205 (4th Cir. 2020), which held on direct appeal that the same failure was a "structural error" that violated the defendant's Sixth Amendment right to make informed choices in his own defense, affected the fairness and integrity of the entire judicial proceeding, and required vacatur of the guilty plea.

The government has opposed Crawley's motion, conceding that *Rehaif* applies retroactively, but arguing his claims are incurably procedurally defaulted. The government notes that Crawley has defaulted this claim by failing to preserve this issue with the trial court or raise it on appeal. Next, the government argues that Crawley cannot avail himself of the exception for procedural defaults, because he cannot show cause for the default and actual prejudice resulting therefrom, or actual

innocence. In any event, the government argues that this alleged error was harmless.[1]

After the parties briefed the motion, the Supreme Court decided *Greer v. United States*, 141 S. Ct. 2090 (2021), which reversed *Gary* and clarified the standard to show prejudice for the error which Crawley raises. Supplemental briefing on *Greer* is not necessary to decide this motion, because its application here is straightforward.

II.

The Sixth Amendment states that "[i]n all criminal prosecutions, the accused shall . . . be informed of the nature and cause of the accusation." U.S. Const. amend. VI. Thus, a guilty plea that does not give the defendant "real notice of the true nature of the charge against him" is not "voluntary in a constitutional sense." *Henderson v. Morgan*, 426 U.S. 637, 645 (1976).[2]

Generally, defendants cannot collaterally attack a conviction on grounds they failed to raise at trial or on appeal because "a collateral challenge may not do service for an appeal." *United States v. Frady*, 456 U.S. 152, 165 (1982). The Supreme

[1] The government also contends that the § 2255 motion is defective because it is not "signed under penalty of perjury by the movant or by a person authorized to sign it for the movant." Rules Governing Section 2255 Proceedings 2(b)(5). However, since the facts are undisputed matters of record, I find that this requirement may be excused.

[2] I have omitted internal quotation marks, citations, and alterations throughout this opinion unless otherwise noted.

Court has recognized an exception. "Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either cause and actual prejudice, or that he is actually innocent." *Bousley v. United States*, 523 U.S. 614, 622 (1998).

The Supreme Court recently held in *Greer* that to demonstrate prejudice from entering a guilty plea without being apprised of § 922(g)'s knowledge-of-status element, the defendant must show that "he would have presented evidence at trial that he did not in fact know he was a felon," and show but-for the error "there is a reasonable probability that he would have gone to trial rather than plead guilty." 141 S. Ct. at 2098, 2100. There, the Supreme Court rejected the Fourth Circuit's conclusion in *Gary* which Crawley advances here, namely that accepting a guilty plea to § 922(g)(1) without informing the defendant of the statute's knowledge-of-status element is a "structural error" that requires vacatur of the guilty plea. The Court disagreed, reasoning that such an error does not necessarily render the entire proceeding "fundamentally unfair or an unreliable vehicle for determining guilt or innocence," as required for a structural error. *Id*. at 2100. Rather, the Court found this to be a "discrete" constitutional error that requires each defendant to make the requisite showing of prejudice to obtain relief. *Id*.

Although *Greer* articulated the threshold to show prejudice for this *Rehaif* error in a direct appeal under the plain-error standard, the framework is nonetheless

instructive in the habeas context where Crawley alleges the same error. In fact, the *actual prejudice* standard for collateral attacks is a "significantly higher hurdle than would exist on direct appeal." *Frady*, 456 U.S. at 166. Indeed, a habeas petitioner must show not just that the purported error "constituted a *possibility* of prejudice," or "prejudice *per se*," but rather he must show that the errors "worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Id*. at 170. Thus, contrary to Crawley's argument, failing to advise him of § 922(g)'s knowledge-of-status element does not require automatic vacatur of his guilty plea. Rather, he must show how failing to inform him of that element materially affected the proceedings in his case.

Since Crawley has provided no evidence which could have raised reasonable doubt at trial as to whether he knew he was a felon, he suffered no prejudice from pleading guilty without knowing that the government would have to prove this element. On the contrary, the evidence would have overwhelmingly indicated that Crawley knew he was a felon. The Presentence Investigation Report reveals that he had numerous state court convictions for which he was sentenced to over one year in prison. Many of those involved serious offenses like heroin and cocaine distribution. Four such convictions resulted in five-year prison sentences. Crawley spent well over a year in prison for many sentences which required him to serve substantial time before he became eligible for parole (30 months, 24 months, and 42

months). Indeed, *Greer* confirmed that courts may look to the presentence investigation report and outside the trial record for evidence that the defendant knew his status. 141 S. Ct. at 2098. Moreover, previous felony convictions are substantially probative to prove this element because "a jury will usually find that a defendant *knew* he was a felon based on the fact that he *was* a felon." *Id*. at 2097. Without evidence that Crawley was unaware of his status, he has failed to demonstrate the first prong of the actual prejudice standard.

Nor has Crawley shown that he would have elected to go to trial if he was informed the government would have to prove that he knew his status. Indeed, Crawley would likely still have pleaded guilty given the substantial evidence to prove that element. Moreover, Crawley has provided no reason why he would not have still accepted a guilty plea which was favorable to him. Crawley's plea agreement allowed him to avoid the consequences of a substantially higher sentence for the § 924(c) charge. If convicted under that count of the indictment, Crawley faced a guidelines range of 262–327 months in prison and a consecutive 60-month prison term in addition to any period of incarceration that would have been imposed for any of the other four counts. Thus, evidence of Crawley's previous felony convictions and the benefits he stood to gain from the plea agreement indicate that he would not have gone to trial even if he knew of § 922(g)'s additional element.

He can show neither prong of the actual prejudice standard. Thus, I need not determine whether he has cause for his procedural default.

Finally, although Crawley has not argued his actual innocence, he would be unable to make that showing in any event. To demonstrate actual innocence, a defendant must show that "in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Bousley*, 523 U.S. at 623. "Actual innocence means factual innocence, not mere legal sufficiency." *Id.* Given the evidence of Crawley's conduct earlier recited, it is very likely that at least one reasonable juror would have convicted him if the government had to prove that he "knew he possessed a firearm and also that he knew he had the relevant status when he possessed it." *Rehaif*, 139 S. Ct. at 2194.

Since Crawley has not demonstrated actual prejudice or actual innocence, he cannot overcome his procedural default. Therefore, the motion must be denied.

III.

For the foregoing reasons, the Defendant's Motion to Vacate Judgment will be denied. A separate final order will be entered herewith.

DATED: July 12, 2021

/s/ JAMES P. JONES
United States District Judge